T.C. Memo. 1998-239

UNITED STATES TAX COURT

SARUNAS ABRAITIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25922-96.                    Filed July 2, 1998.

Sarunas Abraitis, pro se.

<u>John A. Freeman</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:    This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 1993 in the amount of $1,055 and an accuracy-related penalty pursuant to section 6662(a) in the amount of $211.

After concessions by respondent,[2] the issue remaining for decision is whether petitioner is entitled to a credit or refund for an overpayment of his 1993 Federal income tax.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Cleveland, Ohio, on the date the petition was filed in this case. Petitioner resided in Spring, Texas, on the date his amended petition was filed.

On March 30, 1993, and April 16, 1993, petitioner made two payments in the amount of $12,500 each to American Wireless Systems, Inc. (AWS), which was promoting investments in the emerging wireless cable television industry. The $25,000 was used to purchase, on petitioner's behalf, four units in a partnership called Wireless Cable TV Associates #38 (WCTVA). Petitioner thereby became a general partner in WCTVA.

---

[2] Respondent concedes all of the adjustments determined in the statutory notice of deficiency. In addition, the section 6662(a) accuracy-related penalty is not applicable because respondent's concessions eliminate any underpayment of tax for petitioner's 1993 taxable year.

On September 29, 1993, petitioner wrote a letter to AWS requesting that his four units in WCTVA be redeemed for the amount of his original investment, $25,000, plus 10-percent interest. He again requested a return of his investment in a letter to AWS dated October 10, 1993. He received no response to these two letters. On October 14, 1993, petitioner tried to telephone AWS but was only able to reach its answering service. Since October 1993, petitioner has made numerous attempts to contact AWS and has sought the assistance of several government agencies and courts in his effort to recover his investment.

Petitioner did not claim a loss with respect to his investment with AWS on his 1993 return. He first considered claiming a loss at the suggestion of one of respondent's revenue agents during an audit of his 1993 return.

Section 165(a) allows as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. In the case of an individual, the deduction is allowable for losses incurred in any transaction entered into for profit. Sec. 165(c)(2).

Respondent argues that any loss that petitioner incurred with respect to his investment with AWS was not sustained during his 1993 taxable year. With respect to the proper year to claim a deduction for a loss, section 1.165-1(d), Income Tax Regs., provides:

(d)  Year of deduction.--(1)  A loss shall be allowed as a deduction under section 165(a) only for the taxable year in which the loss is sustained.  For this purpose, a loss shall be treated as sustained during the taxable year in which the loss occurs as evidenced by closed and completed transactions and as fixed by identifiable events occurring in such taxable year. * * *

(2)(i) If a casualty or other event occurs which may result in a loss and, in the year of such casualty or event, there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss with respect to which reimbursement may be received is sustained, for purposes of section 165, until it can be ascertained with reasonable certainty whether or not such reimbursement will be received.  Whether a reasonable prospect of recovery exists with respect to a claim for reimbursement of a loss is a question of fact to be determined upon an examination of all facts and circumstances. Whether or not such reimbursement will be received may be ascertained with reasonable certainty, for example, by a settlement of the claim, by an adjudication of the claim, or by an abandonment of the claim.  When a taxpayer claims that the taxable year in which a loss is sustained is fixed by his abandonment of the claim for reimbursement, he must be able to produce objective evidence of his having abandoned the claim, such as the execution of a release.

Based on the record, we find that petitioner's loss from his investment with AWS was not sustained during his 1993 taxable year.  A copy of AWS's income tax return for its taxable year ended December 31, 1994, shows that AWS was still operating in 1994 and possessed assets sufficient to satisfy petitioner's claim.  Moreover, petitioner clearly had not abandoned his claim as of December 31, 1993, because he testified that he actively

sought to recover his investment well beyond such date.  We
conclude that petitioner's loss from his investment with AWS was
not fixed with reasonable certainty by the end of his 1993
taxable year.  Accordingly, we hold that he is not entitled to a
deduction for any such loss for 1993 and thus did not make an
overpayment of tax.

To reflect the foregoing,

<u>Decision will be entered
for petitioner as to the
deficiency and the penalty and
for respondent as to the
claimed overpayment</u>.